UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 FEB 23   PM 3: 38

CLERK

BY _____
DEPUTY CLERK

SAIM SARWAR,                              :
                                         :
            Plaintiff,                    :
                                         :
v.                                        :
                                         : Case No.: 2:20-cv-00219
ANDAL LLC,                                :
                                         :
            Defendant.                    :
                                         :

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, EXPERT FEES, AND LITIGATION EXPENSES
(Docs. 9 & 11)

Plaintiff Saim Sarwar brings this action against Defendant Andal LLC pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101-12213. Pending before the court is Plaintiff's motion for attorney's fees, costs, expert fees, and litigation expenses (Doc. 9), and Plaintiff's motion to strike Defendant's response in opposition to its motion (Doc. 11).

## I.  Factual and Procedural Background.

Plaintiff is a resident of New York and alleges he "qualifies as an individual with disabilities as defined by the ADA" because he is unable to "walk[ ] more than a few steps without assistive devices" and "ambulates in a wheelchair or with a cane or other support and has limited use of his hands." (Doc. 1 at 1, ¶ 1.) Plaintiff is "unable to tightly grasp, pinch and twist of the wrist to operate." *Id.*

Defendant owns the Weathervane Motel in Manchester, Vermont (the "Property"), which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant, either itself or through a third party, accepts online reservations for guest accommodations at the Property through one or more websites, which also describe the Property's facilities.

Plaintiff visited these websites to review and assess whether the Property's accommodations met the requirements of 28 C.F.R. § 36.302(e) and his accessibility needs. However, he was unable to do so because Defendant failed to comply with the requirements set forth in § 36.302(e), thereby allegedly denying Plaintiff the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public.

Plaintiff filed his Complaint on December 28, 2020. Val Sharma filed a notice of *pro se* appearance for Defendant on February 4, 2021. Upon Plaintiff's application, the clerk entered a default as to Defendant on February 8, 2021. Plaintiff moved for a default judgment, which the court ordered on June 30, 2021, issuing an injunction requiring Defendant to comply with 28 C.F.R. § 36.302(e) in its use of third-party online reservation websites within sixty days.

On July 1, 2021, Plaintiff moved for attorney's fees, costs, expert fees, and litigation expenses. Plaintiff seeks $5,397.50 in attorney's fees; $400.00 in filing fees; $140.00 in process server fees; and $650.00 in expert fees for the initial investigation[1] as well as $650.00 in prospective expert fees to monitor compliance, for a total award of $7,237.50.

Val Sharma, an owner of the Property, filed a response on behalf of Defendant on August 6, 2021, stating that "I do not maintain a website, but there is a third-party website over which I have no control" and which was "cooperating with me and making the changes, as needed." (Doc. 10.) Mr. Sharma also protested that Plaintiff's request for "$400 per hour in lawyer's fees . . . is too much for Vermont." *Id.* Mr. Sharma stated he was having difficulty finding a lawyer he could afford. On August 12, 2021, Plaintiff moved to strike Mr. Sharma's response.

---

[1] Plaintiff requests payment for 3.25 hours at an hourly rate of $200.00 for Plaintiff's expert witness to review various websites accepting online reservations for the Property, take appropriate screenshots, and determine whether these websites are ADA compliant. The first two tasks are purely ministerial and do not require an expert. The latter is duplicative of Plaintiff's counsel's function under Fed. R. Civ. P. 11.

The court takes judicial notice of the fact that since 2020, Plaintiff has filed nine cases with nearly identical allegations in this District and over 200 similar cases in federal courts across the country.[2] Plaintiff's counsel has also filed at least seventeen similar complaints in this District and hundreds more nationwide. In turn, these cases are part of an even larger group of lawsuits filed across the country.[3] In these cases, the plaintiff alleges tester status in challenging the compliance of online booking websites, sometimes paired with an allegation that he or she intends to visit the area of the defendant's business at some date in the future.

## II.    Conclusions of Law and Analysis.

### A.    Whether Defendant's Response in Opposition Should Be Struck.

Defendant is a limited liability company, which "must be represented by counsel to appear in federal court." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007); *see also* L.R. 11(b). While this requirement may work a hardship, the members "'chose to accept the advantages'" of forming a limited liability company and in turn "must bear the burdens that accompany the benefits of the corporate form[.]" *Lattanzio*, 481 F.3d at 140 (quoting *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983)). Plaintiff's motion to strike Defendant's response in opposition to Plaintiff's motion for

---

[2] These lawsuits are proper subjects of judicial notice because their existence "can be accurately and readily determined" from publicly accessible court dockets "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (holding courts may take judicial notice of other lawsuits "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings"). In May 2021, the District of Maine took judicial notice of 248 similar cases Plaintiff had filed "in Colorado, Connecticut, District of Columbia, Georgia, Illinois, Maine, Massachusetts, Maryland, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, Texas, Vermont, and Wisconsin." *Sarwar v. Om Sai, LLC*, 2021 WL 1996385, at *5 (D. Me. May 18, 2021) (footnote omitted).

[3] *See, e.g., Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271 (5th Cir. 2021) (noting that plaintiff represented by same firm as Plaintiff here "has filed hundreds of identical lawsuits in federal district courts around the country"); *Laufer v. Dove Hess Holdings, LLC*, 2020 WL 7974268, at *17 (N.D.N.Y. Nov. 18, 2020) (noting that same plaintiff "has filed over 500 lawsuits in at least 15 states within the last year, including more than 140 lawsuits in New York District Courts alone").

attorney's fees, costs, expert fees, and litigation expenses (Doc. 11) is therefore
GRANTED.

### B.     Whether Plaintiff is Entitled to an Award of Attorney's Fees, Costs, Expert Fees, and Litigation Expenses.

Under the ADA, the court "in its discretion" may award "a reasonable attorney's
fee, including litigation expenses, and costs" to the "prevailing party[.]" 42 U.S.C.
§ 12205. By obtaining a default judgment and injunctive relief, Plaintiff qualifies as a
prevailing party. "A plaintiff who has prevailed in the litigation has established only his
eligibility for, not his entitlement to, an award of fees." *LeBlanc-Sternberg v. Fletcher*,
143 F.3d 748, 758 (2d Cir. 1998) (internal quotation marks omitted and alterations
adopted).

Attorney's fees should normally be awarded to a prevailing Plaintiff "unless
special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461
U.S. 424, 429 (1983) (citation and internal quotation marks omitted); *see also*
*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532
U.S. 598, 603 n.4 (2001) (applying *Hensley* to 42 U.S.C. § 12205). The Second Circuit
has held that

> in determining the reasonableness of a fee award in civil rights actions, the
> quantity and quality of relief obtained is a critical factor. Where the damage
> award is nominal or modest, the injunctive relief has no systemic effect of
> importance, and no substantial public interest is served, a substantial fee
> award cannot be justified.

*Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir. 1997). "[I]n appropriate circumstances the
court may conclude that, even though a plaintiff has formally prevailed, no award of fees
to that plaintiff would be reasonable[.]" *LeBlanc-Sternberg*, 143 F.3d at 758. "[W]here
the only reasonable fee is no fee, an award of fees would be unjust[.]" *Farrar v. Hobby*,
506 U.S. 103, 118 (1992) (O'Connor, J., concurring) (emphasis omitted).

The only relief granted was an injunction requiring Defendant, a defaulting party,
to ensure its use of third-party websites complies with 28 C.F.R. § 36.302(e). In so ruling,
the court held: "Although it is not clear the extent to which Defendant had control over

4

third-party websites, it can choose not to use them. The applicable regulations make it clear that use of a third party's services does not render the ADA inapplicable." (Doc. 8 at 11) (citing 28 C.F.R. § 36.302(e)). Because Defendant is under no obligation to use third-party websites, it must make the business decision whether to continue to use them. There is little to no societal benefit if a single defendant decides not to do so. Against this backdrop, "[t]he relief obtained was thus more in the way of 'a judicial pronouncement,' than a judgment with substantial, concrete effect." *Carroll*, 105 F.3d at 81-82 (internal citation omitted) (quoting *Farrar*, 506 U.S. at 112). This minimal relief had "no systemic effect of importance and served no larger public interest." *Id.* at 82.

While the court is mindful that "'[t]he function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel,'" *LeBlanc-Sternberg*, 143 F.3d at 763 (quoting *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982)), a fee award here would serve to encourage more lawsuits seeking relief that serves "no larger public interest." *Carroll*, 105 F.3d at 82. The court therefore exercises its discretion to DENY Plaintiff's request for attorney's fees, expert fees, and litigation expenses. Pursuant to Fed. R. Civ. P. 54(d), the court GRANTS Plaintiff's request for costs in the amount of $542.00.[4]

---

[4] Plaintiff did not submit documentation of a filing fee with the pending motion, but the docket reflects a filing fee of $402.00 was paid. *See* Doc. 1-1; *see also Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019) ("Filing fees are recoverable without supporting documentation if verified by the docket."). Plaintiff filed an invoice for $140.00 from a process server. Plaintiff requested no other taxable costs.

5

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendant's response in opposition (Doc. 11) is GRANTED and Plaintiff's motion for attorney's fees, costs, expert fees, and litigation expenses (Doc. 9) is GRANTED IN PART AND DENIED IN PART.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this _23rd_ day of February, 2022.

Christina Reiss, District Judge
United States District Court

6